J-S40027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN KEYSEAN MOORE | : | |
| | : | |
| Appellant | : | No. 564 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 29, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001556-2023

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED FEBRUARY 13, 2025**

Justin Keysean Moore appeals from the judgment of sentence following his guilty plea to possession of a controlled substance, possession of small amount of marijuana for personal use, and possession of drug paraphernalia.[1] Moore's counsel has filed an ***Anders***[2] brief and a petition to withdraw as counsel. We affirm the judgment of sentence and grant counsel's petition to withdraw.

The trial court summarized the facts as follows:

> On October 7, 2022, around 3:33 p.m., [Moore] was stopped on Interstate 95 in Bensalem Township, Bucks County, by Pennsylvania State Police Officer Brent Neifield for a suspected fraudulent registration and illegal window tint. While the officer was pulling the vehicle over, he also noticed an inoperable brake light. [Moore] had no

---

[1] 35 P.S. § 780-113(a)(16), (a)(31), and (a)(32), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

identification on him, and after he gave his name to the officer, the officer discovered that [Moore's] license was suspended. [Moore's] registration and insurance cards were also expired. The officer also later confirmed that [Moore's] inspection and emissions stickers were fraudulent.

After Officer Neifield stopped [Moore], he asked him about the strong odor of burnt marijuana coming from his vehicle. [Moore] showed the officer what appeared to be marijuana and threw it out the window.

[Moore] had an active arrest warrant out of the Bucks County Sheriff's Office. Before the officer took [Moore] into custody, [Moore] told the officer that he had a BB gun in his car that he had "posed" as a firearm.

On October 11, 2022, a search of [Moore's] vehicle was conducted pursuant to a search warrant. The officer recovered nine (9) bags of marijuana (weighing just over one pound), twenty-two (22) containers of liquid THC, a digital scale containing marijuana residue, $769.00 (United States currency), and a "realistic looking black Glock 17" BB gun.

Trial Court Opinion, filed 4/2/24, at 1-2.

Moore entered an open guilty plea on November 2, 2023, to the above offenses. Sentencing was deferred to determine if Moore was able to pay a $1,000 fine as a sentence. After determining that Moore could not pay the fine, on November 29, 2023, the court placed Moore on one year of reporting probation for possession of a controlled substance. No further penalty was imposed on the two remaining counts. The court granted Moore permission to travel to Florida on vacation with his family in January/February 2024.

Moore filed a motion to modify and reconsider sentence, on December 8, 2023, wherein he argued that his sentence was excessive. **See** Motion to Modify and Reconsider Sentence, 12/8/23, at ¶ 4. He simultaneously filed a

motion to withdraw guilty plea and claimed that his plea was not entered into knowingly, intelligently, or voluntarily because he "was intimidated into pleading guilty by [plea] counsel" and "was not adequately advised of the consequences of his plea." Motion to Withdraw Guilty Plea, 12/8/23, at ¶¶ 6-8. After a hearing, the court denied both motions. This timely appeal followed.

Counsel's *Anders* brief raises two potential issues: a challenge to the voluntariness of Moore's guilty plea and a claim that the court abused its discretion in imposing his sentence. *Anders* Br. at 10, 17.

Before we assess Moore's claims, we must first determine whether counsel has satisfied the procedural requirements to withdraw from the representation when filing an *Anders* brief. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw"). To withdraw pursuant to *Anders*, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*). Further, in the *Anders* brief, counsel seeking to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the

record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

If counsel meets all the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 355 n.5 (quoting *Commonwealth v. McClendon*, 434 A.2d 1185, 1187 (Pa. 1981)).

Here, counsel has complied with the above technical requirements. In his *Anders* brief, counsel provided a summary of the procedural history and facts of the case with citations to the record. Further, counsel's brief includes two issues that could arguably support the appeal, and counsel's assessment of why those issues are frivolous, with citations to the record and relevant legal authority. In addition, counsel served Moore with a copy of the *Anders* brief and advised him of his right to proceed *pro se* or retain a private attorney to raise any additional points he deemed worthy of this Court's review. Petition to Withdraw, 8/13/24, at ¶ 7. Moore has not responded to counsel's petition to withdraw. As we find counsel has met the technical requirements of *Anders*, we will proceed to determine if the issues counsel identified are wholly frivolous.

The first issue is whether Moore's guilty plea was knowing, intelligent, and voluntary because he was intimidated and pressured into pleading guilty by his plea counsel, and because he was not adequately advised of the consequences of his guilty plea. *Anders* Br. at 10.

"[T]he decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa.Super. 2017). "There is no absolute right to withdraw a guilty plea." *Commonwealth v. Broaden*, 980 A.2d 124, 128 (Pa.Super. 2009). When a defendant seeks to withdraw a guilty plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice[.]" *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa.Super. 2011) (citation omitted). Manifest injustice "may be established if the plea was entered into involuntarily, unknowingly, or unintelligently." *Id.*

To be valid, a guilty plea must be knowing, intelligent, and voluntary. *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa.Super. 2003). The court therefore must conduct an on-the-record inquiry to determine whether the plea is voluntarily and understandingly tendered. *Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa.Super. 2002) (citing Pa. R.Crim.P. 590(a)). The court must develop a record that affirmatively shows that the defendant understands: (1) the nature of the charges to which the defendant is pleading guilty; (2) the factual basis for the plea; (3) the right to a jury trial; (4) the presumption of innocence; (5) the permissible ranges of potential sentences and fines; and (6) that the court is not bound by the terms of the agreement

- 5 -

unless it accepts it. ***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa.Super. 2016). There is a presumption that a plea was knowing, intelligent, and voluntary, and the defendant bears the burden of proving otherwise. ***Pollard***, 832 A.2d at 523.

In deciding whether a guilty plea was knowing, intelligent, and voluntary, a court should consider the totality of the circumstances surrounding the entry of the plea. ***Commonwealth v. Allen***, 732 A.2d 582, 588-89 (Pa. 1999). Additionally, "a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies." ***Pollard***, 832 A.2d at 523. Indeed, a defendant who elects to plead guilty is required to answer all questions during the plea colloquy truthfully and may not later assert grounds for withdrawing the plea that contradict the defendant's statements during the colloquy. ***Id.***

Here, the trial court conducted an on-the-record colloquy in which Moore acknowledged that he completed and signed a written guilty plea form. N.T. Guilty Plea Hearing, 11/2/23, at 4. The court further colloquied Moore, and Moore acknowledged that he was presumed innocent, the Commonwealth had the burden of proving him guilty beyond a reasonable doubt, he had no burden to prove his innocence, and he had a right to a trial before a judge or jury. ***Id.*** at 6. Moore also agreed that he had sufficient opportunity to meet with his attorney and discuss with him his decision to enter a guilty plea. ***Id.*** at 5-6. He confirmed that he was satisfied with his counsel's representation. ***Id.*** at

6. Moore also consulted with his stepmother, a former attorney and probation officer, about his case. *Id.* at 17.

Moore further agreed to the Commonwealth's recitation of the factual basis for the plea. *Id.* at 11-13. The court explained the nature of the charges to which Moore was pleading guilty and his range of potential sentence and fines. *Id.* at 7-10. Moore responded by saying, "I understand." *Id.* at 8-10. Moore further stated that his decision to plead guilty was not the result of any threats or coercion. *Id.* at 11.

The court thus made the requisite inquiries and the record provides no basis for concluding that Moore's guilty plea was not knowing, intelligent, and voluntary. Any claim that Moore was pressured by his attorney to enter a guilty plea is belied by his testimony he made under oath at the guilty plea hearing. Although Moore claimed at the hearing on his motion to withdraw guilty plea that he lied during the guilty plea colloquy, *see* N.T. Post-Sentence Motions Hearing, 1/25/24, at 12, his statements made during the plea colloquy are binding, and he may not assert grounds for withdrawing his plea that contradict his statements he made when he pled. *Pollard*, 832 A.2d at 523. Accordingly, the claim that Moore's plea was not entered knowingly, voluntarily, and intelligently is frivolous.[3]

_____

[3] We further note that Moore's claim implicates plea counsel's ineffectiveness. Moore cannot raise an ineffective assistance of counsel claim on direct appeal. *See Commonwealth v. Holmes*, 79 A.3d 562, 563-64 (Pa. 2013) (providing that, with limited exceptions not applicable here, a court cannot review

*(Footnote Continued Next Page)*

The next issue presented in counsel's **Anders** brief is whether the court abused its discretion in imposing Moore's sentence. **Anders** Br. at 17. This is a challenge to the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." **Commonwealth v. Conte**, 198 A.3d 1169, 1173 (Pa.Super. 2018). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: "(1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code." **Commonwealth v. Green**, 204 A.3d 469, 488 (Pa.Super. 2019); **see also** Pa.R.A.P. 2119(f) (stating that an appellant who challenges the discretionary aspects of a sentence "shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence").

Moore's counsel has not included the requisite Pa.R.A.P. 2119(f) statement in his **Anders** brief. However, "[w]here counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P.

---

ineffective assistance of counsel claims on direct appeal). Rather, ineffectiveness claims are deferred for collateral review under the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541-9546. **Id.** at 576.

2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether [an a]ppellant's issue is frivolous." ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa.Super. 2015) (internal citations omitted).

Nevertheless, this claim fails because Moore did not raise a substantial question. In his post-sentence motion, Moore claimed his sentence was excessive. ***See*** Motion to Modify and Reconsider Sentence at ¶ 4. "[A] generic claim that a sentence is excessive does not raise a substantial question for our review." ***Commonwealth v. Andrews***, 213 A.3d 1004, 1017 (Pa.Super. 2019) (quoting ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa.Super. 2013) (*en banc*)).

We therefore agree with Moore's counsel that the issues counsel identified are wholly frivolous, and our independent review of the record has disclosed no non-frivolous issues. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/13/2025

- 9 -